IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ROY PETERSON,** individually, and **CAROLYN PETERSON,** individually, and **ROY AND CAROLYN PETERSON,** as husband and wife,<br><br>        Plaintiffs,<br><br>    v.<br><br>**GRANT COUNTY,** a municipal subdivision of the State of Oregon; **BOYD BRITTON,** individually, as trustee of the Monument Rural Fire District, and as County Commissioner for Grant County; **SCOTT MYERS,** individually, as trustee of the Monument Rural Fire, District, and as County Commissioner for Grant County; **MONUMENT RURAL FIRE DISTRICT,** a municipal subdivision of the State of Oregon; **JERRY COWGER,** individually and as a director of Monument Rural Fire District; **BRUCE STRANGE,** individually and as a director of Monument Rural Fire District; **LEON SKILES,** individually and as a director of Monument Rural Fire District; **JEREMY BOYER,** individually and as Fire Chief of the City of Monument Fire Department and as Fire Chief of the Monument Rural Fire District; the **CITY OF MONUMENT,** a municipal subdivision of the State of Oregon; **JOHN DOES 1-10**; and **JANE DOES 1-5**,<br><br>        Defendants. | Case No. 2:15-cv-216-HL<br><br>**ORDER** |

PAGE 1 – ORDER

**Michael H. Simon, District Judge.**

United States Magistrate Judge Andrew Hallman issued Findings and Recommendation in this case on March 15, 2024. Judge Hallman recommended that this Court grant Defendants' motions for sanctions, dismiss this case with prejudice, and deny all other pending motions as moot. No party has filed objections.

Under the Federal Magistrates Act (Act), a court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record."

No party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge Hallman's Findings and Recommendation for clear error on the

face of the record. No such error is apparent. Accordingly, the Court ADOPTS Judge Hallman's Findings and Recommendation, ECF 91. The Court GRANTS Defendants' motions for sanctions (ECF 69, 71, 75, 76), and DISMISSES this case with prejudice. The Court DENIES AS MOOT all other pending motions.

**IT IS SO ORDERED.**

DATED this 16th day of April, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER